IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FASSIL ASGHEDOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-2289-O-BK |
| | § | |
| FEDERAL RESERVE BANK | § | |
| OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Recommendation of the United States Magistrate Judge (ECF No. 38) filed in accordance with 28 U.S.C. § 636(b)(1) and Plaintiff Fassil Asghedom's Objections thereto (ECF No. 41). After reviewing all relevant matters of record in this case *de novo*, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court.

Plaintiff Asghedom articulates two central objections to the Findings, Conclusions and Recommendation of the Magistrate Judge: 1) Defendant improperly denied Plaintiff production of documents; and 2) the facts illustrate that Defendant retaliated against Plaintiff and that Defendant did not have a legitimate, non-discriminatory reason for firing Plaintiff. *See* ECF No. 41. The Court will address each of Plaintiff's objections in turn.

I. **DISCOVERY OBJECTION**

Plaintiff Asghedom contends that Defendant Federal Reserve Bank of Dallas obstructed the discovery process and failed to produce relevant documents upon Plaintiff's request. *Id.* at 4-5. Plaintiff's first issue is not an objection to the substance of the Findings, Conclusions and

Recommendation of the Magistrate Judge, but rather re-argues a prior discovery Order issued against Plaintiff by the Magistrate Judge. On August 20, 2010 Plaintiff Asghedom filed a Motion to Compel. *See* ECF No. 25. Plaintiff filed an Amended Motion on September 3, 2010. *See* ECF No. 30. These motions reference a request for production served on Defendant on March 20, 2010. *Id.* Plaintiff filed these motions well past the Court's July 14 modified deadline for the completion of discovery. *See* Order, July 6, 2010, ECF No. 24 (modifying Scheduling Order by pushing back deadline for completion of discovery to July 14, 2010)

The Federal Rules do not provide a deadline for the filing of motions to compel, but they do allow trial courts to set deadlines for, *inter alia*, completion of discovery. *See* FED. R. CIV. P. 16(b). Courts generally look to the deadline for completion of discovery when assessing the timeliness of motions to compel. *See Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-97 (N.D. Tex. 2006) (collecting cases). "In order to have timely obtained the discovery . . . [Plaintiff] should have filed his motion to compel sufficiently in advance of the discovery deadline, not the motions deadline." *Citro-Rey S. de R.L. de C.V. v. L&M Cos., Inc.*, No 7:07-154, 2009 WL 1227821 (S.D. Tex. May 4, 2009) (citing *Material Supply Int'l Inc. v. Sunmatch Indus. Co.*, 146 F.3d 983, 992 (D.C. Cir. 1998)). The Magistrate Judge properly denied Plaintiff's motion to compel as untimely.[1] *See* Order 2-3, Nov. 3, 2010, ECF No. 36. Accordingly, Plaintiff's objection to the Findings and Conclusions of the Magistrate Judge on the basis of Defendant's failure to respond to Plaintiff's request for production is unpersuasive.

II. **RETALIATION CLAIM OBJECTION**

Plaintiff contends that both Defendant and the Magistrate Judge fatally misstate

---

[1] The Court notes that the Magistrate Judge also addressed the substance of Plaintiff's Motion, holding that the discovery was of dubious relevance and upholding Defendant's objections thereto.

Plaintiff's retaliation claim and that Defendant did not have a legitimate, non-discriminatory reason for firing Plaintiff.  *See* Pl.'s Objections 3-4, ECF No. 41.

"To establish a *prima facie* case for retaliation, an employee must show '1) that she engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action.'"  *See Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 754 (5th Cir. 2005) (quoting *Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005)).  "If the employee sets out a *prima facie* case, the burden shifts to the employer to 'state a legitimate non-retaliatory reason for its action.'"  *Id.* (quoting *Septimus*, 399 F.3d at 610).  "If the defendant meets this burden, then 'the plaintiff must prove that the employer's stated reason for the adverse action was merely a pretext for the real, discriminatory purpose.'"  *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004) (quoting *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 393 (5th Cir. 2000)).  The Fifth Circuit has "consistently held that in retaliation cases where the defendant has proffered a nondiscriminatory purpose for the adverse employment action the plaintiff has the burden of proving that 'but for' the discriminatory purpose he would not have been terminated."  *Id.*

Plaintiff states that "Defendant contends that [his] retaliation complaint is based solely on an internal 2005 complaint he made alleging unfair promotions" and that "he claimed in his deposition that he didn't think he was more qualified for the position" than those who received promotions.  *See* Pl.'s Objections 3, ECF No. 41.  Plaintiff argues that he did not say that other candidates were more qualified, rather that he did not know their qualifications.  *Id.*  Moreover, Plaintiff argues that he had never "been written or disciplined till after the complaint."  *Id.* at 4.

In the instant case, Plaintiff filed a complaint with Defendant alleging unfairness in the promotion process.  Plaintiff contends that as a direct result of having filed a complaint with

Defendant he was harassed and, ultimately, fired. Assuming this states a *prima facie* case of retaliation, the burden then shifts to Defendant to articulate a non-retaliatory justification for Plaintiff's termination. Defendant points to Plaintiff's job performance both before and after Plaintiff filed his complaint. Specifically, the record indicates that Plaintiff had performance problems in 2002, 2003, 2005, 2006 and 2007. Plaintiff was consistently warned that he needed to improve his productivity. Defendant contends that Plaintiff was fired because he failed to improve his productivity after several warnings. This constitutes a "legitimate, non-retaliatory reason" for Plaintiff's termination.

The burden then shifts back to Plaintiff to show that Defendant's reliance upon his performance was a mere pretext for his termination. Plaintiff has failed to present any evidence beyond conclusory allegations in contradiction of Defendant's contention that Plaintiff was fired due to performance issues during the years immediately preceding his termination. "Statements made on information and belief do not constitute proper summary judgment evidence." *de la O v. Housing Auth. of City of El Paso*, 417 F.3d 495, 502.[2] The Magistrate Judge's finding that Plaintiff had failed to show that Defendant's justifications for termination were pretextual and therefore the Court should grant summary judgment was proper.

III. **CONCLUSION**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 38) and Plaintiff's Objections thereto (ECF No. 41), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the

---

[2] Moreover, as noted by the Magistrate Judge, Plaintiff failed to argue in his Response to Defendant's Motion for Summary Judgment that Defendant's proffered performance-based reason for hiring Plaintiff was a mere pretext. *See* ECF No. 31. By failing to present the pretext argument in response to Defendant's motion for summary judgment, Plaintiff abandoned that issue. *See Vela v. City of Houston*, 276 F.3d 659, 678 (5th Cir. 2001).

Findings and Conclusions of the Court.

**SO ORDERED** this **24th** day of **November, 2010**.

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**